UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONALD HILL, ) | CASE NO. 1:09 MC 29 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | ORDER |
| STATE OF OHIO, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff pro se Ronald Hill was enjoined from filing further lawsuits in this court, without obtaining leave, in a Memorandum of Opinion filed on June 6, 2002 in Northern District of Ohio Case No. 1:02 CV 670. The basis for the injunction was Mr. Hill's repeated filing of frivolous and duplicative lawsuits challenging a 1999 paternity finding (based on his admission of paternity) and a related child support order. Indeed, at that time, Mr. Hill had already filed five such lawsuits in this court.[1] The dismissal of Case No. 1:02 CV 670 and associated injunction was

---

[1] See Case Nos. 1:99 CV 2358, 1:99 CV 2989, 1:00 CV 607, 1:00 CV 2285, and 1:02 CV 632.

affirmed by the United States Court of Appeals for the Sixth Circuit. *Hill v. Supreme Court*, No. 02-3696 (6th Cir. February 10, 2003). Unfortunately, and incredibly, Mr. Hill had only begun his barrage of filings in this court.

Since the filing of the injunction in Case No. 1:02 CV 670, Mr. Hill has filed an additional civil action - see Case No. 1:02 CV 1074 - and **19** Motions for Leave to File lawsuits, which have all been lodged as Miscellaneous Cases, scanned by Clerk's Office personnel for electronic filing, and assigned to a District Judge, who has then had to review and rule upon them. Each and every one of these cases has been dismissed on the ground that Mr. Hill simply continues to pursue claims concerning the 1999 paternity finding and support order. See Case Nos. 1:02 MC 93, 1:02 MC 97, 1:04 MC 89, 1:05 MC 80, 1:05 MC 93, 1:06 MC 108, 1:06 MC 116, 1:07 MC 06, 1:07 MC 09, 1:07 MC 18, 1:07 MC 24, 1:07 MC 27, 1:07 MC 39, 1:08 MC 07, 1:08 MC 45, 1:08 MC 74, 1:08 MC 100, 1:08 MC 126, and 1:09 MC 29.

In Case No. 1:07 MC 39, the court noted, prior to dismissing the case: "Mr. Hill has, **on a daily basis**, submitted an identical 'Motion for Leave to File an Amended Motion.' These submissions, undocketed because they are identical, now stand over a foot high. While the court can only puzzle over why Mr. Hill would take these actions, enough is enough."[2] Along those lines,

---

[2] The habit of daily submissions of documents by Mr. Hill in whatever case he happened to have pending has been going on for years.

2

the court determined in Case No. 1:07 MC 39 that the only way to prevent Mr. Hill from filing these essentially identical and patently frivolous matters *ad infinitum* was to begin charging him the same filing fee required for civil cases - $350 - to file a Motion for Leave to File.

The filing fee requirement imposed in Case No. 1:07 MC 39 only slowed Mr. Hill down. He has since paid $1750 in filing fees to file basically the same frivolous Motions for Leave to File. See, Case Nos. 1:08 MC 07, 1:08 MC 45, 1:08 MC 74, 1:08 MC 100, and 1:08 MC 126. In addition, he was fined $250 for contempt of court in Case No. 1:08 MC 126, which he paid on March 27, 2009. He then almost immediately filed Case No. 1:09 CV 29, on April 3, 2009. This last filing is prima facie contempt, and this court has reached the absolute limit of its patience.

Accordingly, as the instant case is simply another attempt to challenge the 1999 paternity finding and a related child support order, this case is dismissed. Further, the court finds that Mr. Hill, by the filing this case, is in contempt of court, as no new issues are even arguably raised.[3] For such contempt, he is fined $2500. The $2500 fine will <u>only</u> be required to be paid if and when Mr. Hill submits any future filings for Motions for Leave to File. Finally, Mr. Hill must pay a $350 filing fee, in addition to the $2500 contempt fine, before he may file any future Motion for Leave to File. Of course, all the previous requirements set

---

[3] The proposed complaint in this case is in all material respects identical with the one submitted in Case No. 1:08 MC 126, albeit with different defendants.

3

forth in Case Nos. 1:08 MC 126 and 1:02 CV 670 apply, with the exception of instructions to the Clerk not to accept filing fees. The Clerk shall not accept and file any Motion for Leave to File unless all the foregoing requirements are met.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order could not be taken in good faith.

IT IS SO ORDERED.

                                               s/Christopher A. Boyko
                                              CHRISTOPER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

April 16, 2009